NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3157
_____

WILLIAM BARRACLOUGH;
FANG YAN,
                              Appellants

v.

ANIMAL FRIENDS, INC.; JUSTIN GALVIN;
KRISTA KOONTZ
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-23-cv-00654)
District Judge: Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on October 1, 2024

Before: SHWARTZ, MATEY, and SCIRICA, *Circuit Judges.*

(Filed: November 22, 2024)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

William Barraclough and Fang Yan challenge the dismissal of their § 1983 claims against Animal Friends, Inc. and two of its employees for alleged Fourth Amendment violations, and the denial of supplemental jurisdiction over their state tort claims. Because the District Court correctly found a substantial basis for probable cause and did not abuse its discretion in declining supplemental jurisdiction, we will affirm.

I.

Because we write principally for those familiar with the factual context and legal history of this case—the parties—we set forth only those facts necessary to our analysis. On a motion to dismiss for failure to state a claim, we accept the well-pleaded facts in Barraclough's and Yan's complaint as true and may disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

Appellants William Barraclough and Fang Yan housed fourteen dogs at their vacant property in Crescent Township, Pennsylvania. They visited the property daily to feed and care for the dogs. The property included "kennels for each of the dogs, including . . . 10ft x 10ft kennels in the basement and garage areas." App 30. On April 29, 2022, appellees Justin Galvin and Krista Koontz—humane society police officers employed by appellee Animal Friends, Inc.—inspected the outside of the property and posted a notice requesting contact with Barraclough and Yan. That same day, Barraclough and Yan contacted Galvin and Koontz, and Galvin and Koontz inspected the property. The officers instructed Barraclough and Yan to clean the areas where the dogs were housed by the following day,

schedule veterinary appointments, and arrange for grooming and vaccinations for the dogs within a week.

When the officers returned the next day, Barraclough and Yan indicated they complied with these requests. Galvin and Koontz directed Barraclough and Yan to remove the dogs from the property within two hours and obtained a search warrant from a magisterial district judge to investigate Barraclough's and Yan's compliance with state animal neglect laws. Barraclough and Yan unsuccessfully attempted to rehome the dogs. Galvin and Koontz later executed the warrant and seized the dogs. Galvin charged Barraclough and Yan with violations of 18 Pa. Cons. Stat. § 5532(a)(2) and (3) (2017) relating to animal neglect on July 29, 2022. The charges were ultimately dismissed on September 29, 2022.

Barraclough and Yan sued Galvin, Koontz, and Animal Friends, Inc. under 42 U.S.C. § 1983, alleging constitutional defects in the warrant and its execution. They contend the probable cause affidavit that supported the warrant's issuance falsely stated the dogs were "covered in feces" with "urine staining" and claimed the warrant omitted exculpatory evidence, including their compliance with Galvin's and Koontz's care instructions and that the property was appointed with "kennels for each of the dogs." App. 30–32. Barraclough and Yan also claimed the warrant's execution violated the Equal Protection Clause, and brought state tort claims alleging trespass to chattels, trespass, and intentional infliction of emotional distress.

On November 6, 2023, the District Court dismissed Barraclough's and Yan's § 1983 claims, finding that there was probable cause for the warrant, and declined to exercise

3

supplemental jurisdiction over the state tort claims. *Barraclough v. Animal Friends, Inc.*, No. 23-00654, 2023 WL 7301075, at *8–10 (W.D. Pa. Nov. 6, 2023). This appeal followed. On appeal, Barraclough and Yan challenge the court's probable cause determination and its decision not to exercise supplemental jurisdiction over their remaining state tort claims.

## II.[1]

We review the dismissal of the § 1983 claims *de novo* and accept the facts alleged in the complaint and reasonable inferences drawn from them as true. *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011).

We begin with the court's review of the magisterial district judge's probable cause determination. We "must uphold the finding [of probable cause] if the affidavit on which it was based provided a substantial basis for finding probable cause." *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (citations omitted). Barraclough and Yan argue there was not a substantial basis for finding probable cause here because Galvin's affidavit allegedly excluded exculpatory information (i.e., their compliance with Animal Friends' initial requests, and the presence of a kennel for each of the dogs) and included inaccurate information (i.e., "false statements" that the dogs were "covered in feces and had urine staining"). Appellants' Br. 5, 13.

However, inaccuracies and omissions in an affidavit are not *per se* sufficient to establish that no probable cause existed for a search. We must first determine whether the

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291.

4

alleged omissions and false statements in the affidavit were *material* to the finding of probable cause.[2]  *See United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006).  When determining whether omissions or inaccuracies in an affidavit were material to a finding of probable cause, a court must "'excise the offending inaccuracies and insert the facts recklessly omitted' from the affidavit and assess whether the reconstructed affidavit would establish probable cause."  *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 470 (3d Cir. 2016) (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)).  The District Court properly did so here.  *Barraclough*, 2023 WL 7301075, at *4–8.

The court's reconstructed affidavit without the alleged inaccuracies, and including the alleged omissions, provided a substantial basis for the magisterial district judge's finding of probable cause.  Uncontested portions of the affidavit without appellants' alleged inaccuracies included: witness statements about the "noise and the stench" at the property, the dark garage in which the dogs were locked, and the frequency with which the dogs appeared to be fed, all of which Galvin's "own observations were consistent with"; Galvin's view of multiple dogs in a single crate notwithstanding the number of kennels appellants state were on the property; Galvin's statements regarding dangerous ammonia levels on the property; Galvin's observations of feces and wood chips on the floor; the lack of documentation of veterinary care prior to Galvin's and Koontz's requests; and more.

---

[2] Another threshold inquiry is whether the false statements or omissions were made with a "reckless disregard for the truth."  *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468–69 (3d Cir. 2016).  The District Court assumed for the purposes of the motion to dismiss that Galvin's misstatements in the affidavit were made with "at least a reckless disregard for the truth when he applied for a warrant."  *Barraclough*, 2023 WL 7301075, at *4.

*Barraclough*, 2023 WL 7301075, at \*4–8. And including the alleged omissions does not change the character of the affidavit: whether the property included enough kennels for each dog does not contradict Galvin's observation that more than one dog was kept in a kennel, and compliance with Galvin's and Koontz's grooming and vaccination instructions does not contradict their earlier observations of the dogs and state of the Crescent Township property *before* Barraclough and Yan complied.

Taken as a whole, this reconstructed affidavit "would establish probable cause" because it indicates a "fair probability" that appellants violated Pennsylvania statutes mandating access to clear and sanitary shelter for animals, even after the exclusion of the alleged inaccuracies and inclusion of alleged omissions. *Dempsey*, 834 F.3d at 467, 470. The District Court accordingly found that "the reconstructed affidavit" would have "provided the magistrate judge with a fair probability that evidence of a § 5532(a)(2) violation would be found within the residence." *Barraclough*, 2023 WL 7301075, at \*8.

Because the reconstructed affidavit provided a substantial basis for a finding of probable cause, we conclude Animal Friends, Inc. and their officers did not violate Barraclough's or Yan's Fourth Amendment rights.

III.

We review the District Court's decision not to exercise supplemental jurisdiction over Barraclough's and Yan's Pennsylvania state tort claims for abuse of discretion. *See Talley v. Wetzel*, 15 F.4th 275, 288 n.8 (3d Cir. 2021).

District courts have discretion to exercise supplemental jurisdiction over state law claims that are transactionally related to claims in the court's original jurisdiction. 28

6

U.S.C. § 1367. Congress has "explicitly green-lighted" district courts' discretion to decline supplemental jurisdiction over state claims after "having dismissed all of [the plaintiff's] federal claims" in 28 U.S.C. § 1367(c)(3). *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). Indeed, district courts "*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis added) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Here the court found, given this case was "in [its] initial stages . . . it is in the interests of judicial economy, convenience, and fairness to the parties to decline jurisdiction over the remaining state-law claims." *Barraclough*, 2023 WL 7301075, at *10. Barraclough and Yan do not contest the absence of an "affirmative justification" for retaining jurisdiction over those claims. *Hedges*, 204 F.3d at 123 (citation omitted). Instead, they argue only that "the [court] had subject matter jurisdiction over Appellants' [state] common law claims against the Appellees because those claims arise out of the same case or controver[sy] as the constitutional claims which created original jurisdiction in the [District Court]." Appellants' Br. 16. This argument fails because those federal claims were properly dismissed.

Finally, where a "district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits." *Kach*, 589 F.3d at 650 (citation omitted). Here, "in accordance with our precedents, the District Court's dismissal of [appellants'] state-law

7

claims was without prejudice." *Id.*; *Barraclough*, 2023 WL 7301075, at \*10. Barraclough and Yan remain free to pursue their state law claims in "an appropriate state court." *Barraclough*, 2023 WL 7301075, at \*10.

Because the court was authorized by statute to decline supplemental jurisdiction over appellants' state law claims for the reasons discussed in its ruling granting the motion to dismiss, we conclude the court did not abuse its discretion in doing so.

## IV.

For the foregoing reasons, we will affirm.